STATE *vs.* MARY E. BOSTICK.

Age of criminal liability. Mischievous capacity.
Evidence of confessions—what influence will exclude them.

Kent, May term, 1845. The defendant, a white girl twelve years old, was indicted for arson.

The dwelling of George P. Fisher, Esq., of Dover, was fired on the 10th of March, 1845, and his two children burnt to death.

*Mrs. Ann Eliza Fisher.*—The prisoner was in my service up to, and after the 10th of March last. She was twelve years old last August. She is a very shrewd, artful girl; not intelligent, or very capable of learning; but smart to work, and shrewd in mischief. On the 10th of March, about 8 o'clock, the children were playing in the kitchen; and defendant, without any direction from me, ordered them to bed. She went up with them; and, when she came down, she passed through the room where I sat with others, sewing and reading. After a short time we were alarmed by a noise; I started up with the rest; and, finding the house on fire, we rushed out, and fell down stairs. I remember but little after this.

After the children were buried and I was about to leave the house, and Elizabeth had got her clothes to go home, I tried to get her to confess but failed. I thought she was on the eve of confessing to me and Mrs. Houston in the parlor chamber; but others came in, and she stopped. I went with her into another room; and, after denying it when first directly charged, she made to me a full and particular confession of the whole matter.

I said to her, Elizabeth, the suspicion is general against you and you had as well tell all about it, the impression will be no greater; I do not expect to do any thing with you; I am going to send you home to your mother.

*Smithers,* for prisoner, objected to the introduction of any confession after this, as being brought about by promises, or inducements of favor. He cited, *Archb.* 112; 2 *Russ. Cr.* 826, 835-9, 644-5; 1 *Phil. Ev.* 81 ; *Swift Ev.* 132, 1 ; 1 *Greenl. Ev.* § 222.

*Gilpin,* attorney general, contra, cited, *Ros. Civ. Ev.* 34.

A majority of the court ruled out the confession.

BOOTH, *Chief Justice.*—It appears that the prisoner is a servant girl, between the age of twelve and thirteen years; and a shrewd, sensible and artful child. If she has such mental capacity as renders her amenable to the law for the commission of crime, she has sufficient mental capacity to make a confession of her guilt.

A confession, clearly proved to have been deliberately and voluntarily made, is among the strongest proofs of guilt. But it has been said by some eminent jurists, that, as verbal confessions are so often misunderstood or misrepresented, from a want of attention, the improper use of language, or the uncertainty of memory, they are at best, but a doubtful species of evidence; and at all times ought to be received with great caution. And where promises of favor or threats are used, the great danger is, that the confession, whether verbal or written, may be untrue; proceeding, not from a sense of guilt, but from the influence of hope or fear. In such cases, the confession is rejected. Therefore, a confession obtained by *temporal* inducement, by threat, or by a promise or hope of favor, having some reference to the party's escape from the charge, held out by a person in authority, is inadmissible. A master or mistress is considered as a person in authority, as well as a magistrate, sheriff, or constable. However slight the promise or threat may have been, the confession cannot be received. Therefore, where a party brought before a committing magistrate, and before he said any thing, was told by the magistrate's clerk, that what he said, would be used *for him,* or against him, on his trial; the confession was rejected : the learned judge remarking, that telling the prisoner, what he said would be *used in his favor* on his trial, was a direct inducement to him to make a confession. So where the prisoner was told, that it would be worse for him if he did not confess, or that it would be better for him if he did; and, where the prisoner was under the charge of murder, it was said to him, "you are under a suspicion of this, and

you had better tell all you know," were held sufficient to exclude the confession.

The case now before the court is much stronger. Here is a servant girl between twelve and thirteen years of age, charged with arson, the punishment of which offence is death. One or two unavailing attempts had been made, to induce her to confess. Afterwards her mistress took her into another room, and questioned her whether she did the act. The child at first denied it. Her mistress then told her, "that she was suspected of the offence, and if she confessed it, the suspicion would not be stronger; that she (the mistress,) did not expect to do any thing with her, but was going to send her home." The prisoner then confessed, that when she went up stairs in the evening, she placed the candle under the clothes which hung from the bed. Here then is an inducement to confess; a promise of favor held out by a person in authority, and a hope raised in the mind of the child, that she would be sent to her home. Hence, a doubt and uncertainty arise, whether the confession was not made, more under the influence of hope, than from a consciousness of guilt. The prisoner's confession must therefore be rejected.

HARRINGTON, *Justice*, dissented.—The principle of the cases on this subject, is, that *any* promise of favor held out to a person, which *might* influence him to suppose it would be *better* for him to confess the crime, will exclude such confession from being given in evidence; for the danger is that this hope, thus held out to an agitated mind, might possibly induce an *untrue* confession of guilt. (2 *Russ. Cr.* 826; *Swift's Ev.* 131-2.) Mere persuasions, therefore, to confession, or indeed, urgent solicitations, will not exclude the confession, unless a prospect is presented to the mind of the accused, of advantage or benefit to be derived from the confession. The question is not whether what was said to the prisoner induced the confession, (for that would exclude every confession that was asked for;) but whether what was said to the prisoner induced the belief that a confession of guilt, would place him in a better condition than he was before confession; which would be holding out to him a real benefit. (2 *Russ. Cr.* 845-6.) All of the cases cited may be tested by this rule; and then we are only to inquire, not whether the remarks of Mrs. Fisher to the prisoner induced her to confess, but whether those remarks held out to her the prospect, or idea, that she would be in a better condition if she did confess, and thus presented a real inducement to the confession of a falsehood. (*Rex* vs. *Shepherd*, 7 *C. & P.* 579;

*Archb.* 110; *Rex* vs. *Thomas, Ibid* 345; 2 *Russ. on Cr.* 845; *Rex* vs. *Court, Ibid* 486, 846.) Apply to this rule the inducements held out by Mrs. Fisher. Were they calculated to impress the mind of the prisoner with a belief that it would be better for her to confess? Was any favor to be granted upon the confession, that would be withheld without it? Could the defendant have supposed that her situation would in any respect be bettered by making the confession? Mrs. Fisher says to her, "Elizabeth, the suspicion is general against you, and you had as well tell all about it; the impression will be no greater." Was there anything in this to make the prisoner believe she would be benefitted by a confession? much less was there anything to prompt her to confess what was not true, in hopes of a benefit held out. The suspicion was strong against her; and whether she confessed or not, she was told it would be the same thing. Just so of the declaration made by Mrs. Fisher, that, "she did not expect to do anything with her; she was going to send her home." Not if she would tell, she did not expect to do anything with her; but whether she told or not, she should be sent away. What possible operation this could have had on the mind of the prisoner to induce her to believe it would be *better* for her to confess her guilt, as placing her in a better condition, I cannot perceive; and I do not think there is anything in it which ought to exclude this confession.

Confession ruled out, and the prisoner was acquitted.

*Gilpin,* att'y. gen'l. for the State.

*Smithers,* for the defendant.